**Commonwealth v. DeSanto**

*Daniel Holmes, assistant district attorney,* for the Commonwealth.
*Peter T. Campana,* for defendant.

RAUP, *P.J.,* September 5, 1991—

## FINDINGS, CONCLUSIONS AND ORDER

This case came before the court for a summary appeal hearing on June 7, 1991. The defendant is charged with driving while his Pennsylvania operator's license privileges were suspended in violation of section 1543(a) of the Motor Vehicle Code.

The defense contends that the same issue was before us in Lycoming County 87-10,364 and 87-10,365, cases also involving the defendant. The facts show that for approximately nine months of the year the defendant lives in the state of Delaware, where he is a semi-retired general contractor. Approximately three months of the year he spends in Pennsylvania, at a location in the northern part of Lycoming County. The purpose of his trips to Pennsylvania are for the most part for hunting, fishing and to visit with his son, all occurring in the same immediate area. It would appear that none of the trips to this state from Delaware last beyond two weeks.

The defendant does have a valid Delaware operator's license and operates a vehicle which is properly registered by the state of Delaware. It is further admitted that the defendant was operating a motor vehicle in

this county October 27, 1990, and that his Pennsylvania operator's privileges had been suspended at that time. It has also been established that the defendant was aware of the indefinite suspension, which has been in effect since May 26, 1978, for reasons of financial responsibility and the non-payment of a civil judgment relating to an accident in which he had been involved.

In our previous order (87-10,364 and 87-10,365), we found that a non-resident having a valid out-of-state license could not be charged with violation of 1543(a), which prohibits driving in this state while a person's operating privilege has been suspended. The decision was based on section 1502(3) and section 102 of the Code, which exempt non-residents from the necessity of obtaining a Pennsylvania license. We did, however, find that the defendant was subject to a charge under section 1573 of the Code, which prohibits non-residents having a valid out-of-state license from driving in this state while under suspension.

Arguments presented by the district attorney this time cast a different perspective on the issue. Section 1546(a) of the Motor Vehicle Code states:

"The privilege of driving a motor vehicle on the highways of this Commonwealth given to a non-resident shall be subject to suspension or revocation by the Department (of Transportation) in like manner and for like cause as a resident's operating privilege."

The Commonwealth argues that this requires a finding that once a person's "operating privilege" to drive has been suspended, such priviledge is extinguished, regardless of the individual's residency status, or whether he possesses a valid out-of-state license. We further note that in 1990, section 1573 of the Code was modified

to make it unlawful to merely "display" a foreign license here while under suspension, as opposed to actually operating a motor vehicle.

We now feel that sections 1546(a) and 1573, read in conjunction, clearly express a legislative intent that individuals should not drive in Pennsylvania while their operating privileges here had been suspended, regardless of residency status.

We further note that in *Commonwealth v. MacNamara*, 12 D.&C.3d 36 (1979), the court made a similar finding, stating that to decide otherwise "would frustrate the abilities of the Commonwealth to police and regulate the operating privileges of those who used the public highway," stating also that section 1502 was not a valid basis for exemption under these circumstances.

We, therefore, reverse our earlier decision, finding the defendant was properly charged under §1543(a) of the Vehicle Code. Based on the evidence presented at the summary trial, he is found guilty of violating this section of the Code.

The district attorney had moved to amend the complaint to include a violation of section 1573 of the Motor Vehicle Code. Given our ruling above, it is not necessary to reach this issue.

## ORDER

And now, September 5, 1991, the defendant, Anthony DeSanto Jr. is found guilty of a violation of section 1543(a) of the Pennsylvania Motor Vehicle Code. The case is to be scheduled for the next available sentencing date before this judge for consideration of any post-trial motions and for sentencing.